# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-72V
UNPUBLISHED

| | |
|---|---|
| DEBRA S. DEYOUNG,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 4, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Glen H. Sturtevant, Jr.*, Rawls Law Group (Richmond), Richmond, VA, for petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On January 23, 2020, Debra S. DeYoung filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered shoulder injuries related to vaccine administration (SIRVA) resulting from an influenza (flu) vaccination that was administered to her on October 3, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 27, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent determined that "[P]etitioner's medical course is consistent with SIRVA as defined by the Vaccine Injury Table and corresponding Qualifications and Aids to

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Interpretation." *Id.* at 6. Specifically, Respondent found that "[P]etitioner had no pre-vaccination history of pain, inflammation, or dysfunction of her right shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain . . . . Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months." *Id.* (citations omitted). Respondent concluded that Petitioner has satisfied all legal perquisites for compensation under the Act. *Id.* Respondent further agrees that that the scope of damages to be awarded is limited to Petitioner's right SIRVA and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
